# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:

HARRY WILLIAM BYRNE,                    Case No. 09-19801-RGM
                                        (Chapter 7)
    Debtor.

### MEMORANDUM OPINION AND ORDER

THIS CASE was before the court on April 26, 2011, on the court's order setting the trustee's final report for a further hearing. The court raised questions about the treatment of a claim of exemption of a whole life insurance policy as more fully set out in its Memorandum Opinion at pages 16 through 18. (Docket Entry 41).

The trustee through his attorney, Alexander M. Laughlin, reported to the court that the trustee originally accepted $13,000 from the debtor for the cash surrender value of a whole life insurance policy. The trustee was under the impression from the debtor's schedules and statements made at the first meeting of creditors that the cash surrender value of the policy was $18,500. He gave the debtor credit for $5,500 claimed exempt pursuant to the homestead exemption leaving a net due to the estate of $13,000 which the debtor paid.

In preparation for the hearing, the trustee further reviewed the matter. He obtained a written statement from the life insurance company showing the cash surrender value of the life insurance policy was $25,815.32. He also determined that the debtor had claimed other items exempt pursuant to his homestead exemption. The debtor, in fact, had only $1,878 which he could use to claim the life insurance policy exempt pursuant to the homestead exemption. The trustee concluded that he should have collected $23,927.32 from the debtor.

The trustee acknowledged his errors and proposed to waive his compensation and his law firm's fees of $3,166.68 and $1,149.28, respectively, and pay the estate $6,621.36. This would place the estate in the same position as if he had collected the proper amount from the debtor. The trustee will file a new final report that reflects these adjustments and notice it for a final hearing.

Upon consideration, of which, it is

ORDERED that the Trustee's Final Report dated August 13, 2010 (Docket Entry 38) and the Amended Application for Compensation of Wiley Rein LLP (Docket Entry 39) are withdrawn.

DONE at Alexandria, Virginia, this 27th day of April, 2011.

/s/ Robert G. Mayer

Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

H. Jason Gold
Alexander M.Laughlin
Steven H. Greenfeld

16807